UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
**CARMEN CHACHA**,                                           :
                                                             :
                       Plaintiff,      :   **ORDER ADOPTING REPORT**
                                                             :   **AND RECOMMENDATION**
       – against –                                       :
                                                             :   23-CV-3367 (AMD) (MMH)
**NUEVA ERA FLOWER CORP.** and **MARIA**                     :
**ROMERO**,                                                  :
                                                             :
                      Defendants.     :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On January 27, 2023, the plaintiff brought this case against the defendants, her former employers, alleging violations of the Fair Labor Standards Act, the New York Labor Law, the New York State Human Rights Law, and the New York City Human Rights Law. (ECF No. 1.) She filed the complaint in the Southern District of New York, which transferred the case to the Eastern District on April 27, 2023. (ECF No. 10.) On May 15, 2023, the plaintiff filed an amended complaint. (ECF No. 14.)

The plaintiff served Nueva Era Flower Corp. and Maria Romero with a summons and the amended complaint on May 24, 2023 and May 30, 2023, respectively, making their answers due on June 14, 2023 and June 20, 2023. (ECF Nos. 21, 22.) The defendants did not file an answer or otherwise respond to the amended complaint, and have not appeared in this action.

On August 29, 2023, the plaintiff requested a certificate of default (ECF Nos. 24, 25); the Clerk of Court entered the default on September 5, 2023 (ECF No. 26). On November 29, 2023, the plaintiff moved for default judgment. (ECF No. 28.) The Court referred the motion to Magistrate Judge Marcia Henry the next day. (*ECF Order dated Nov. 30, 2023.*)

On July 12, 2024, Judge Henry ordered the parties to appear for a hearing on July 31, 2024 (ECF No. 33) and directed the plaintiff's counsel to be prepared to discuss certain deficiencies in the default judgment motion.  (*ECF Order dated July 12, 2024.*)  On July 24, 2024, the plaintiff moved to amend the motion to cure the deficiencies that Judge Henry identified and to adjourn the motion hearing.  (ECF No. 34.)  Judge Henry deferred a decision on the motion to amend and directed the plaintiff to confirm whether she intended to withdraw her original motion.  (*ECF Order dated July 24, 2024.*)  On July 29, 2024, the plaintiff asked the Court to withdraw the original motion without prejudice and with leave to renew.  (ECF No. 35.)

On July 30, 2024, Judge Henry issued a Report and Recommendation on the original motion for default judgment and the plaintiff's motion to amend.  (*ECF Order dated July 30, 2024.*)  Judge Henry recommended that the Court deny the plaintiff's default judgment motion as moot, without prejudice, and with leave to renew by September 10, 2024, in light of the plaintiff's request that the Court withdraw the original motion.  (*Id.* (citing ECF No. 35).)  Judge Henry also recommended that the Court grant the plaintiff's motion to amend the default judgment motion to cure the deficiencies.  (*Id.* (citing ECF No. 34).)  No objections were filed to the Report and Recommendation, and on August 14, 2024, the Court adopted the Report and Recommendation.  (ECF No. 36.).

On September 10, 2024, the plaintiff filed a second motion for default judgment (ECF No. 37), which the Court also referred to Judge Henry, on September 12, 2024.  (*ECF Order dated Sept. 12, 2024.*)

On September 5, 2025, Judge Henry issued a Report and Recommendation on the second motion for default judgment.  (ECF No. 42.)  On September 8, 2025, Judge Henry vacated and withdrew the Report and Recommendation issued on September 5, 2025 and issued an Amended

2

Report and Recommendation.  (ECF No. 43.)  *ECF Order dated July 30, 2024.*)  No objections have been filed to the Report and Recommendation, and the time for doing so has passed.

Judge Henry recommends that the Court grant in part the plaintiff's motion for default judgment, and award damages as calculated for wage violations under the FLSA and NYLL. (ECF No. 43 at 19–26, 29–39.)  Otherwise, Judge Henry recommends that the Court dismiss without prejudice the plaintiff's NYSHRL and NYCHRL disability discrimination claims (Counts VI and VII) because the Court does not have subject matter jurisdiction over those claims (*id.* at 6–8), and the NYLL retaliation claim (Count IX) because the plaintiff has not alleged that she complied with the statutory condition precedent to state a claim under § 215 (*id.* at 28 (citing *See* N.Y. Lab. Law § 215(2)(b) ("At or before the commencement of any action under this section, notice thereof shall be served upon the attorney general by the employee.").

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  To accept those portions of the Report and Recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Jarvis v. N. Am. Globex Fund L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

The Court has carefully reviewed Judge Henry's well-reasoned Report and Recommendation and finds no error.  Accordingly, the Court adopts the Report and Recommendation in its entirety.  The plaintiff's motion for default judgment is granted in part, and the plaintiff's NYSHRL and NYCHRL disability discrimination claims (Counts VI and VII) and NYLL retaliation claim (Count IX) are dismissed without prejudice.

The plaintiff is entitled to total damages of **$56,683.08**, which is equal to **$3,120.00** in unpaid minimum wages, **$14,625.00** in unpaid overtime wages, **$17,745.00** in liquidated damages under the NYLL, **$4,778.58** in prejudgment interest to increase at a rate of $4.38 per day until entry of judgment,[1] and **$16,414.50** in costs and fees.

The Clerk of Court is respectfully directed to enter judgment accordingly.

**SO ORDERED.**

s/ Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       September 30, 2025

---

[1] As Judge Henry recommends, the Court calculates the daily prejudgment interest rate by multiplying the total amount of unpaid wages ($17,745.00) by 9%, then dividing by 365, for a daily rate of $4.38. The daily rate is then multiplied by the number of days between October 5, 2022 and September 30, 2029 (1,091 days).

4